STEVE J. BARDIN, Plaintiff-Appellant, *v.* GARY D. PETERS, KAREN L. PETERS and THE McCORMACK CORPORATION, a Hawaii corporation, Defendants-Appellees

NO. 7272

CIVIL NO. 3201

OCTOBER 20, 1981

HAYASHI, C.J., PADGETT AND BURNS, JJ.

*Per Curiam.* This is an appeal from the granting of a summary judgment against the appellant here, plaintiff below. We reverse.

Appellant entered into a DROA as purchaser of a condominium unit on Maui from Appellees Gary and Karen Peters who were represented by the McCormack Corporation as their real estate

agent in the transaction. The closing date under the DROA was to be September 1, 1976. The DROA contained the standard provision that the closing date could be extended thirty days by the seller's agent. Appellant, in his affidavit below, stated that prior to signing the DROA he was assured by Monte Fitts, the employee who was handling the transaction for the McCormack Corporation, that there was a thirty-day extension provision in the DROA and that he signed the DROA in reliance upon that assurance.

The controversy between Appellant Bardin and Appellees Peters has been settled, resulting in the dismissal of the appeal with respect to them.[1] This leaves only the claim against the agent, the McCormack Corporation.

Clearly there is a genuine issue of material fact as to whether there was a misrepresentation about the thirty-day extension by McCormack Corporation. Appellee argues, however, that the record establishes that appellant could not have performed even if he had been given the extension and that consequently, there was no damage even if a misrepresentation were to be found.

If it should be found on trial that the McCormack Corporation, by misrepresentation, caused appellant to believe the closing date would be extended to October 1, 1976, then appellant, to obtain damages, would have to prove he would have been able to perform his undertakings by that date.

Since appellant was told on September 2, 1976 that the contract was terminated, no tender by him thereafter was necessary. Hence, Lum v. Stevens, 42 Haw. 286 (1957) relied on by the remaining appellee is not in point. All that appellee has really produced on the issue of appellant's ability to perform is appellant's August 7th letter in which he admits having difficulty raising the $30,000 he was to deposit in escrow despite having adequate assets. But not having been able to raise the $30,000 by August 7 or even September 2 does not preclude his being able to raise it by October 1. Appellee's showing is insufficient to establish the lack of a genuine issue of material fact on this issue. Consequently, we need not discuss the

---

[1] We express no opinion on whether or how that settlement affects the action against McCormack Corporation.

sufficiency or timeliness of the affidavits filed by appellant dealing with the matter of ability to perform. Reversed.

*Steven Booth Songstad* for plaintiff-appellant.

*Robert A. Smith* for defendant-appellee McCormack Corporation.